*E-FILED 01-03-2012*

[COUNSEL LISTED ON SIGNATURE PAGES]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# (SAN JOSE DIVISION)

| | |
|---|---|
| LANSMONT CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SPX CORPORATION, a Delaware corporation; SPECTRIS, PLC, a private limited company; BRÜEL & KJAER, a corporation; and HBM, INC., a corporation,<br><br>　　　　　Defendants. | Civil Action No. 5:10-cv-05860-EJD<br><br>**STIPULATED PROTECTIVE ORDER, AND [PROPOSED] ORDER THEREON**<br><br>[Re:   Docket No. 68]<br><br>The Honorable Edward J. Davila<br>United States District Judge<br>Courtroom 1, 5th Floor<br><br>**MODIFIED BY THE COURT** |

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Northern District of California Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and reflect the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. DEFINITIONS

2.1   Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   "CONFIDENTIAL" Information or Items:  confidential or other sensitive information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c), including, but not limited to, trade secrets, development, research, and/or commercial information.

2.3   Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staffs).

2.4   Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things,

testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8 House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.12 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

   2.14 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

   2.15 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial or arbitration shall be governed by a separate agreement or order.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with prejudice and conclusion of any subsequent alternative dispute resolution procedures; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  **For a period of six months after final disposition of this action, this court will retain jurisdiction to enforce the terms of this order.**

5. <u>DESIGNATING PROTECTED MATERIAL</u>

   5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take

1  care to limit any such designation to specific material that qualifies under the appropriate standards.

2  To the extent it is practical to do so, the Designating Party must take care to designate for protection

3  only those parts of material, documents, items, or oral or written communications that qualify – so

4  that other portions of the material, documents, items, or communications for which protection is not

5  warranted are not swept unjustifiably within the ambit of this Order.

6  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

7  shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

8  unnecessarily encumber or retard the case development process, or to impose unnecessary expenses

9  and burdens on other parties), expose the Designating Party to sanctions.

10  If it comes to a Designating Party's attention that information or items that it

11  designated for protection do not qualify for protection at all, or do not qualify for the level of

12  protection initially asserted, that Party or non-Party must promptly notify all other Parties that it is

13  withdrawing the mistaken designation.

14  5.2 <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this

15  Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

16  material that qualifies for protection under this Order must be clearly so designated before the

17  material is disclosed or produced.

18  Designation in conformity with this Order requires:

19  (a) <u>for information in documentary form</u> (apart from transcripts of depositions

20  or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL"

21  or  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains

22  protected material.  If only a portion or portions of the material on a page qualifies for protection, the

23  Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

24  markings in the margins) and must specify, for each portion, the level of protection being asserted

25  (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

26  A Party or non-party that makes original documents or materials available for

27  inspection need not designate them for protection until after the inspecting Party has indicated which

28  material it would like copied and produced.  During the inspection and before the designation, all of

1  the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –
2  ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants
3  copied and produced, the Producing Party must determine which documents, or portions thereof,
4  qualify for protection under this Order, then, before producing the specified documents, the
5  Producing Party must affix the appropriate legend ("CONFIDENTIAL" or  "HIGHLY
6  CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.
7  If only a portion or portions of the material on a page qualifies for protection, the Producing Party
8  also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the
9  margins) and must specify, for each portion, the level of protection being asserted (either
10  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

11               (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>,
12  that the Designating Party identify on the record, before the close of the deposition, hearing, or other
13  proceeding, all protected testimony, and further specify the level of protection being asserted.  When
14  it is impractical to identify separately each portion of testimony that is entitled to protection, and
15  when it appears that substantial portions of the testimony may qualify for protection, the Designating
16  Party may invoke on the record (before the deposition or proceeding is concluded) a right to have up
17  to 21 days after the reporter's preparation of the transcript to identify the specific portions of the
18  testimony as to which protection is sought and to specify the level of protection being asserted
19  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Only
20  those portions of the testimony that are designated for protection within those 21 days shall be
21  covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party
22  may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the
23  entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
24  ATTORNEYS' EYES ONLY."

25               The use of a document as an exhibit at a deposition shall not in any way affect
26  its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
27  ONLY."
28

1   Transcripts containing Protected Material shall have an obvious legend on the
2   title page that the transcript contains Protected Material, and the title page shall be followed by a list
3   of all pages (including line numbers as appropriate) that have been designated as Protected Material
4   and the level of protection being asserted by the Designating Party.  The Designating Party shall
5   inform the court reporter of these requirements.  Any transcript that is prepared before the expiration
6   of a 21-day period for designation shall be treated during that period as if it had been designated
7   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise
8   agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.
9   (c) <u>for information produced in some form other than documentary, and for</u>
10  <u>any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the
11  container or containers in which the information or item is stored the legend "CONFIDENTIAL" or
12  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information
13  or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected
14  portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL
15  – ATTORNEYS' EYES ONLY."  In the event a Receiving Party generates any "hard copy"
16  transcription or printout from any designated non-paper media (including, but not limited to,
17  documents produced in native electronic format), such Receiving Party must stamp each page
18  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and the hard
19  copy, transcription. or printout shall be treated as it is designated.
20  5.3 <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to
21  designate qualified information or items as "CONFIDENTIAL" or  "HIGHLY CONFIDENTIAL –
22  ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to
23  secure protection under this Order for such material.  Upon timely correction of a designation,
24  Receiving Party must make reasonable efforts to assure that the material is treated in accordance
25  with the provisions of this Order.
26  6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>
27  6.1  <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation
28  of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

   6.2   Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

   6.3   Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, **they shall comply with the undersigned's Standing Order re Civil Discovery Disputes.  Any Discovery Dispute Joint Report (DDJR) shall attest that the meet-and-confer requirements imposed in the preceding paragraph have been satisfied.** ~~the Challenging Party shall file and serve a motion challenging confidentiality according to the applicable rules and procedures for bringing discovery motions in this action (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable).  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.~~  In any court proceeding regarding the propriety of the designation of Protected Litigation Material, the burden of proof with respect to the propriety or correctness of the designation of information as Protected Litigation Material shall rest upon the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  All parties shall continue to afford the material in question the level of protection

to which it is entitled under the Designating Party's designation until the court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1  Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, including in the context of any related alternative dispute resolution procedures, including arbitration and/or mediation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2  Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) a duly appointed arbitrator, mediator, or other alternative dispute resolution professional and his/her personnel;

(f) court reporters and their staffs;

1     (g) professional jury or trial consultants who have signed the
2 "Acknowledgment and Agreement to Be Bound" (Exhibit A);
3     (h) Professional Vendors to whom disclosure is reasonably necessary for this
4 litigation and for whom an authorized representative has signed the "Acknowledgment and
5 Agreement to Be Bound" (Exhibit A);
6     (i) during their depositions, witnesses in the action to whom disclosure is
7 reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"
8 (Exhibit A);
9     (j) the author or recipient of a document containing the information or a
10 custodian or other person who otherwise possessed or knew the information.
11    7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
12 Information or Items.  Unless otherwise ordered by the court or permitted in writing by the
13 Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY
14 CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:
15     (a) the Receiving Party's Outside Counsel of Record in this action, as well as
16 employees of said Counsel to whom it is reasonably necessary to disclose the information for this
17 litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);
18     (b) Designated House Counsel of the Receiving Party (1) who have no
19 material involvement in competitive decision-making, (2) to whom disclosure is reasonably
20 necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound"
21 (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been
22 followed;
23     (c) Experts of the Receiving Party (1) to whom disclosure is reasonably
24 necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be
25 Bound" (Exhibit A), and (3) as to whom the procedures set forth in section 7.4(a)(2), below, have
26 been followed;
27     (d) the Court and its personnel;
28

1      (e) a duly appointed arbitrator, mediator, or other alternative dispute
2 resolution professional and his/her personnel;
3      (f) court reporters and their staffs;
4      (g) professional jury or trial consultants who have signed the
5 "Acknowledgment and Agreement to Be Bound" (Exhibit A);
6      (h) Professional Vendors to whom disclosure is reasonably necessary for this
7 litigation and for whom an authorized representative has signed the "Acknowledgment and
8 Agreement to Be Bound" (Exhibit A);
9      (i) the author or recipient of a document containing the information or a
10 custodian or other person who otherwise possessed or knew the information.
11    7.4  Procedures for Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS'
12 EYES ONLY" Information or Items to Designated House Counsel or "Experts"
13      (a)(1) Unless otherwise ordered by the court or agreed to in writing by the
14 Designating Party, a Party that seeks to disclose to Designated House Counsel any information or
15 item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by
16 another Party pursuant to paragraph 7.3(b) first must make a written request to the Designating Party
17 that (i) sets forth the full name and title of the Designated House Counsel, and (ii) describes the
18 Designated House Counsel's current and reasonably foreseeable future primary job duties and
19 responsibilities in sufficient detail to determine if House Counsel is involved, or may become
20 involved, in any competitive decision-making.
21      (a)(2) Unless otherwise ordered by the court or agreed to in writing by the
22 Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any
23 information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
24 ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that
25 (i) sets forth the full name of the Expert and the city and state of his or her primary residence, (ii)
26 attaches a copy of the Expert's current resume or curriculum vitae, (iii) identifies the Expert's
27 current employer(s), (iv) identifies each person or entity from whom the Expert has received
28 compensation or funding for work in his or her areas of expertise or to whom the expert has provided

1 professional services, including in connection with litigation, at any time during the preceding three
2 years, and (v) identifies (by name and number of the case, filing date, and location of court) any
3 litigation in connection with which the Expert has offered expert testimony, including through a
4 declaration, report, or testimony at a deposition or trial, during the preceding three years.
5       (b) A Party that makes a request and provides the information specified in
6 paragraph 7.3(a)(1) or paragraph 7.3(a)(2) may disclose the Designating Party's "HIGHLY
7 CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the identified Designated House Counsel or
8 Expert, as the case may be, unless, within seven days of delivering the request, the Party receives a
9 written objection from the Designating Party. Any such objection must set forth in detail the
10 grounds on which it is based. If the Designating Party does not serve an objection to the disclosure
11 within seven days, the disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
12 information to the Designated House Counsel may proceed.
13       (c) A Party that makes a timely written objection under paragraph 7.4(b) shall
14 attempt to resolve the matter in good faith and must make itself available to confer directly (in voice-
15 to-voice dialogue; other forms of communication are not sufficient) with the Party seeking to
16 disclose within 14 days of the date of service of the objection. A Designating Party (i.e., the
17 objecting Party) may proceed to the next stage of the challenge process only if it has first engaged in
18 this meet and confer process. If the Parties cannot resolve the matter without court intervention, ~~the~~ **they shall comply with the undersigned's Standing Order re Civil Discovery Disputes.**
19 ~~Designating Party shall file and serve a motion for a protective order according to the applicable~~
20 ~~rules and procedures for bringing discovery motions in this action (and in compliance with Civil~~
21 ~~Local Rule 79-5 and General Order 62, if applicable).~~ Each ~~such motion~~ **DDJR** ~~must~~ **attest that** ~~be accompanied by a~~
22 ~~competent declaration affirming that the movant has complied with~~ the meet and confer
23 requirements imposed by this paragraph. **have been satisfied.** In any court proceeding regarding the propriety of
24 disclosing information to Designated House Counsel or an Expert, the Designating Party shall bear
25 the burden of proof with respect to demonstrating that the risk of harm the disclosure would entail
26 (under the safeguards proposed) outweighs the need to disclose the "HIGHLY CONFIDENTIAL –
27 ATTORNEYS' EYES ONLY" information to the identified Designated House Counsel or Expert.
28 Frivolous objections and those made for an improper purpose (e.g., to harass or impose unnecessary

1 expenses and burdens on other parties) may expose the Designating Party to sanctions. If a timely

2 objection is served, no disclosure of the Designating Party's "HIGHLY CONFIDENTIAL –

3 ATTORNEYS' EYES ONLY" information shall be made to the Designated House Counsel or

4 Expert in question until the court ~~rules on the motion for a protective order~~ **resolves the dispute** or until the Parties

5 disputing the matter have otherwise reached a resolution. If ~~the Designating Party fails to file and~~ **judicial intervention is not sought**

6 ~~serve a motion for a protective order~~ within thirty days of the date ~~its~~ **of the Designating Party's** objection to disclosure was

7 served, the disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information

8 to the identified Designated House Counsel or Expert may proceed and the challenge shall be

9 ineffectual.

10        7.5 Alternative Dispute Resolution. Nothing in this Order shall prevent a Receiving

11 Party from using Protected Material that is disclosed or produced by another Party or by a Non-Party

12 in connection with this case in the context of any related alternative dispute resolution procedures,

13 including arbitration and/or mediation. Once the alternative dispute resolution procedure has been

14 terminated, a Receiving Party must comply with the provisions of section 13, below (FINAL

15 DISPOSITION). The Receiving Party shall provide a copy of this Order to the alternative dispute

16 resolution professionals involved, and shall ensure that they comply with this Order.

17       8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

18 LITIGATION</u>.

19     If a Party is served with a subpoena or an order issued in other litigation that would compel

20 disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY

21 CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

22       (a) promptly notify in writing the Designating Party. Such notification shall include a

23 copy of the subpoena or court order;

24       (b) promptly notify in writing the party who caused the subpoena or order to issue in

25 the other litigation that some or all of the material covered by the subpoena or order is subject to this

26 Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

27       (c) cooperate with respect to all reasonable procedures sought to be pursued by the

28 Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should otherwise be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within fourteen days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its

possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material. **Any disclosure or discovery dispute shall be brought to the court's attention in compliance with the undersigned's Standing Order re Civil Discovery Disputes.**

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the Party making the claim may notify any Party that received the information of the claim and the basis for it.  After being notified, a Party (1) must promptly return or destroy the specified information and any copies it has, (2) must not sequester, use, or disclose the information until the claim is resolved, and (3) must take reasonable steps to retrieve the information if the Party disclosed it before being notified.  These obligations include a restriction against presenting the information to the court for a determination of the claim.  The Party making the claim must serve a privilege log that complies with Federal Rule of Civil Procedure 26(b)(5) within fourteen days of notifying any other Party of the claim.  The Party making the claim must also preserve the information until the claim is resolved.  The matter shall be resolved on the basis of the information set forth in the privilege log and in accordance with the standards of Federal Rule of Evidence 502(b).  This paragraph 11 expressly incorporates the protections of Federal Rule of Evidence 502(d).

12. <u>MISCELLANEOUS</u>

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and General Order 62. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the court.

13. <u>FINAL DISPOSITION</u>.

Within 60 days after the final disposition of this action, as defined in section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  December 22, 2011          PEARSON SIMON WARSHAW & PENNY LLP

By: */s/ Robert G. Retana*
   Bruce L. Simon
   Robert G. Retana
   William J. Newsom

   44 Montgomery Street , Suite 2450
   San Francisco, CA  94104
   Telephone:  415-433-9000
   Facsimile:  415-433-9008
   bsimon@pswplaw.com
   rretana@pswplaw.com
   wnewsom@pswplaw.com
   Attorneys for Plaintiff
   LANSMONT CORPORATION

Dated:  December 22, 2011          SHEPPARD MULLIN RICHTER & HAMPTON LLP

By: */s/ Nathaniel Bruno*
   Philip F. Atkins-Pattenson
   Nathaniel Bruno
   Four Embarcadero Center, 17th Floor
   San Francisco, CA  94111-4106
   Telephone:  415-434-9100
   Facsimile:  415-434-3947
   patkinspattenson@sheppardmullin.com
   nbruno@sheppardmullin.com
   Attorneys for Defendant
   SPX CORPORATION

**ATTORNEY'S E-FILING ATTESTATION**

    As the attorney e-filing this document, and pursuant to General Order 45, Nathaniel Bruno (counsel for Defendant SPX Corporation) hereby attests that Robert G. Retana (counsel for Plaintiff Lansmont Corporation) concurs in this filing.  */s/ Nathaniel Bruno*

**AS MODIFIED BY THE COURT,**
**PURSUANT TO STIPULATION, IT IS SO ORDERED.**
^

Dated: January 3, 2012

_____
The Honorable ~~Edward J. Davila~~ Howard R. Lloyd
United States ~~District Court~~ Judge
Magistrate

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California in the case of *Lansmont Corporation v. SPX Corporation*, Civil Action No. 5:10-cv-05860-EJD.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                         [printed name]

Signature: _____
                         [signature]