*E-FILED: May 11, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LANSMONT CORPORATION,<br><br>    Plaintiff,<br>  v.<br><br>SPX CORPORATION, a Delaware corporation; SPECTRIS, PLC, a private limited company; BRÜEL & KJAER, a corporation; and HBM, INC., a corporation,<br><br>    Defendants.<br>_____/ | No. C10-05860 EJD (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT #1**<br><br>[Re: Docket No. 79] |

Plaintiff Lansmont Corporation (Lansmont) sues for alleged breach of an Assignment and Grant-Back License Agreement (AGBLA). The AGBLA contains a mandatory arbitration clause. Defendant SPX Corporation (SPX)[1] previously moved to dismiss the complaint and to compel arbitration. As a result of Judge Davila's rulings on those motions, the parties agree that the only remaining matter in this litigation is Lansmont's claim that it is entitled to specific performance under AGBLA Section 17.2, which provides:

> The parties shall have the right to enter each other's premises during business hours on forty-eight (48) written notice for the purpose of examining each other's relevant books and records or to have such books and records examined by its certified public account to verify the parties' fulfillment of their obligations under this Agreement. All information obtained during such audit shall be treated as "Confidential Information" in accordance with Section 11.

(See Dkt. No. 1 (Complaint, Ex. A at 13)).

---

[1] SPX is the only remaining defendant in this action.

Presently before this court is the parties' dispute over the appropriate scope of noticed topics for the Fed. R. Civ. P. 30(b)(6) deposition of SPX and of SPX's former employee, Robert Spence.[2] The noticed topics for both depositions are identical. Lansmont contends that the topics are relevant or reasonably calculated to lead to the discovery of admissible evidence concerning its rights under AGBLA Section 17.2. SPX and Spence argue that the noticed topics go well beyond the parties' claims and defenses relating to that provision.

In the course of meet-and-confer negotiations, Lansmont offered to narrow the original topics of examination. Those negotiations did not lead to resolution of the instant discovery dispute; and, Lansmont subsequently re-noticed both SPX's and Spence's depositions with the original topics. Lansmont requests an order compelling SPX and Spence to provide deposition testimony about those original topics. Alternatively, Lansmont argues that SPX and Spence should be compelled to testify about the narrowed ones. SPX and Spence maintain that the original and narrowed topics of examination are overbroad. To paraphrase, SPX and Spence contend that their depositions should be limited to the following inquiries (1) whether plaintiff made a written demand for an inspection under Section 17.2; (2) whether SPX could have complied with any such demand, but failed to do so; and (3) whether SPX no longer has certain records following SPX's 2008 sale of business assets and technology to Spectris, plc.

The matter is deemed suitable for determination without oral argument. CIV. L.R. 7-1(b). Having considered the parties' Discovery Dispute Joint Report (DDJR) #1 and their respective positions stated therein, this court rules as follows:

Lansmont's original noticed topics of examination are exceedingly broad and go well beyond AGBLA Section 17.2. For example, those topics sweep within their ambit matters pertaining to the operation of SPX's business and to SPX's sale, promotion, negotiation, or marketing of vibration control equipment or software using that technology. (See DDJR, Ex. A). Lansmont's request for an order compelling SPX and Spence to testify about the original topics is denied.

---

[2] Lansmont confirms that it seeks discovery of only non-privileged information. The parties advise that they have agreed upon the location, timing, and method of recording the depositions.

2

1    Lansmont's proposed narrowed topics of examination are much closer to the mark.  (See
2 DDJR Ex. G).  However, even these narrowed requests are overbroad in some respects.
3 Accordingly, Lansmont's request for an order compelling SPX and Spence to testify about these
4 matters is granted in part and denied in part as follows:

- Topic 1:  SPX and Spence shall provide deposition testimony as to Topic 1 to the extent it seeks discovery about "any requests for an . . . inspection of records . . . made by Lansmont to SPX, Spectris, or LDS, relating to the AGBLA." Lansmont's request for an order compelling testimony with respect to this topic is otherwise denied because Lansmont has not convincingly demonstrated that the requested testimony is relevant or reasonably calculated to lead to discovery of admissible evidence.  FED. R. CIV. P. 26(b)(1).

- Topic 2:  SPX and Spence shall provide deposition testimony about Topic 2 insofar as it seeks discovery of "SPX and LDS' . . . inspection obligations to Lansmont under the AGBLA."  Lansmont's request for an order compelling testimony with respect to this topic is otherwise denied because Lansmont has not convincingly demonstrated that the requested testimony is relevant or reasonably calculated to lead to discovery of admissible evidence.  FED. R. CIV. P. 26(b)(1).

- Topic 3 seeks testimony about "SPX and LDS' reporting, preparing, and/or transmission of information to Lansmont with regards to the inspection or audit rights under the AGBLA and/or SPX and LDS' compliance with the AGBLA terms, and any practices, policies or procedures in place relating thereto."  SPX and Spence shall provide testimony about this topic, but the testimony shall be limited to the "transmission of information to Lansmont" relating to AGBLA Section 17.2 and any practices, policies or procedures in place relating to the transmission of that information.  Lansmont's request for an order compelling testimony with respect to this topic is otherwise denied because Lansmont has not convincingly demonstrated that the requested testimony is relevant or

3

reasonably calculated to lead to discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

- Topics 4 and 5:   Lansmont's request for an order compelling testimony about Topic 4 ("SPX's method of calculation of payments or royalties due from SPX and/or LDS to Lansmont, under the AGBLA") and Topic 5 ("SPX's practices, policies, or procedures for recording or reporting sales of equipment and software from SPX and/or LDS to Lansmont, under the AGBLA") is denied. Lansmont has not convincingly demonstrated that the requested testimony is relevant or reasonably calculated to lead to discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

- Topics 6-8:   These topics seek testimony about certain non-privileged communications re Topics 1-5. Lansmont's request for an order compelling testimony about Topics 6-8 is granted; however, testimony shall be subject to the limitations and rulings set out above with respect to Topics 1-5.

- Topics 9 and 10:   Lansmont's request for an order compelling SPX and Spence to testify about Topic 9 ("SPX's recording of data for the purpose of complying with the AGBLA inspection rights, relating to:   a. Costs of hardware sold, or to be sold, to Lansmont under the AGBLA. b. List price of software sold, or to be sold, to Lansmont under the AGBLA. c. Sales of the Technology in the electro-hydraulic or electro-dynamic markets") and Topic 10 ("SPX and LDS' reporting, preparation, and/or transmission of information to Lansmont relating to topics 9a, 9b, and 9c") is denied. Lansmont has not convincingly demonstrated that the requested testimony is relevant or reasonably calculated to lead to discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

- Topic 11:   SPX and Spence shall provide testimony sought by Topic 11 ("The purchase and/or sale by SPX of LDS as it relates to or affected the AGBLA and Lansmont's inspection or audit rights thereunder"), but the testimony shall be limited to AGBLA Section 17.2. To the extent this topic seeks information

beyond that provision, Lansmont's request for an order compelling SPX and Spence to testify about Topic 11 is denied because Lansmont has not convincingly demonstrated that the requested testimony is relevant or reasonably calculated to lead to discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

- <u>Topic 12</u> seeks testimony about SPX's document maintenance, storage, retention, destruction and disposition policies, practices and procedures. SPX and Spence having indicated that they do not object to providing testimony about the *location* of pertinent books and records re the AGBLA (<u>see</u> DDJR at 7-8), they shall provide such testimony in response to Topic 12. Lansmont's request for an order compelling SPX and Spence to testify about this topic is otherwise denied because Lansmont has not convincingly demonstrated that the requested testimony is relevant or reasonably calculated to lead to discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

- <u>Topic 13</u>:  Lansmont's request for an order compelling SPX and Spence to testify about Topic 13 ("SPX's practices, policies and procedures regarding how sales of vibration control equipment and software were recorded or prepared for AGBLA inspection or reporting purposes") is denied. Lansmont has not convincingly demonstrated that the requested testimony is relevant or reasonably calculated to lead to discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

SO ORDERED.

Dated: May 11, 2012

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5

1  5:10-cv-05860-EJD Notice has been electronically mailed to:

2  Bruce Lee Simon      bsimon@pswplaw.com, bpouya@pswplaw.com, cpearson@pswplaw.com, dwarshaw@pswplaw.com, jwatkins@pswplaw.com, nhalpern@pswplaw.com, tboardman@pswplaw.com, wnewsom@pswplaw.com, yberry@pswplaw.com

4  Nathaniel Bruno      nbruno@sheppardmullin.com

5  Philip F. Atkins-Pattenson      patkinspattenson@smrh.com, lng@sheppardmullin.com

6  Robert George Retana      rretana@pswplaw.com, yberry@pswplaw.com

7  William James Newsom      wnewsom@pswplaw.com, nhalpern@pswplaw.com, yberry@pswplaw.com

**United States District Court**
For the Northern District of California