United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LANSMONT CORPORATION, | CASE NO. 5:10-cv-05860 EJD |
| Plaintiff(s), | **ORDER CONTINUING MOTION HEARING** |
| v. | |
| SPX CORPORATION, et. al., | [Docket Item No(s). 111] |
| Defendant(s). | |

On December 21, 2012, this court entered judgment in the above-entitled action in favor of Plaintiff Lansmont Corporation ("Plaintiff") and against Defendant SPX Corporation ("Defendant"). See Docket Item No. 110. Presently before the court is Plaintiff's Motion for Attorney's Fees and costs pursuant to California Civil Code § 1717. See Docket Item No. 111.

Civil Local Rule 54-5 applies to motions for attorney's fees, including the one filed by Plaintiff. Subsection (a) of the rule requires, *inter alia*, that "[c]ounsel for the respective parties must meet and confer for the purpose of resolving all disputed issues relating to attorney's fees before making a motion for award of attorney's fees." Subsection (b) requires that a motion for attorney's fees include a "statement that counsel have met and conferred for the purpose of attempting to resolve any disputes with respect to the motion or a statement that no conference was held, with certification that the applying attorney made a good faith effort to arrange such a conference, setting forth the reason the conference was not held."

The court has reviewed Plaintiff's motion for compliance with Rule 54-5. It appears that

1

CASE NO. 5:10-cv-05860 EJD
ORDER CONTINUING MOTION HEARING

Plaintiff's counsel e-mailed Defendant's counsel on January 3, 2013, in order to schedule a meeting, did not receive a response, and then filed the instant motion the next day. It also appears that counsel engaged in some discussions after the motion was filed, but that these discussions proved unproductive because Plaintiff would not produce the time records supporting the request for attorney's fees and costs.

The court finds these efforts insufficient and will not consider Plaintiff's motion until the parties engage in further efforts at informal resolution. Accordingly, the court orders as follows:

1. Within 10 days of the date this order is filed, Plaintiff shall produce to Defendant all time records supporting the request for attorney's fees and costs. Plaintiff may redact the statements to account for privilege.

2. Within 20 days of the date time records are produced to Defendant, the parties shall conduct an in-person meet and confer session according to Civil Local Rule 54-5.

3. The motion hearing currently scheduled for April 19, 2013, is CONTINUED to **June 28, 2013, at 9:00 a.m.** On or before June 6, 2013, Plaintiff shall lodge with the court, but shall not file, a copy of all time records supporting the request for attorney's fees and costs unless a resolution is reached prior to that date.

**IT IS SO ORDERED.**

Dated: April 15, 2013

_____
EDWARD J. DAVILA
United States District Judge