United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| LANSMONT CORPORATION, | CASE NO. 5:10-cv-05860 EJD |
|---|---|
| Plaintiff(s), | **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY'S FEES AND COSTS** |
| v. | |
| SPX CORPORATION, | [Docket Item No(s). 111] |
| Defendant(s). / | |

## I. INTRODUCTION

Plaintiff Lansmont Corporation ("Lansmont") brought the instant action to enforce a contract concerning vibration controller technology and related software. That contract, known between the parties as the Assignment and Grant-Back License Agreement or "AGBLA" for short, provided Lansmont the ability to inspect Defendant SPX Corporation's ("SPX") records upon 48 hours notice in order to ensure compliance with the AGBLA's terms. Beginning in 2009 and continuing through resolution of this action, the parties disagreed whether or not this inspection should occur. When all was said and done, the court found on summary judgment that SPX had breached the AGBLA and that Lansmont was entitled to an order requiring SPX's specific performance in the form of an inspection.

Presently before the court is Lansmont's Motion for Attorney's Fees and Costs as the prevailing party in this action. See Docket Item No. 111. SPX has filed written opposition to the motion. See Docket Item No. 112. Having carefully considered the relevant documents including

1
CASE NO. 5:10-cv-05860 EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY'S FEES AND COSTS

time records lodged by Lansmont's counsel, the court has determined the motion should be granted to the extent it seeks an award of attorney's fees, but that the amount requested must be reduced to account for this action's limited scope.[1]

## II. LEGAL STANDARD

"State law governs whether there should be an award of attorney's fees in diversity actions." Hancock Lab., Inc. v. Admiral Ins. Co., 777 F.2d 520, 525 (9th Cir. 1985). In California, awards of attorney's fees pursuant to a contract are governed by Civil Code § 1717, which provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a).

The determination of what amounts to "reasonable attorney's fees" is left to the court's discretion. Hancock Lab., Inc., 777 F.2d at 526. Generally, the court begins by calculating the "lodestar," or the number of hours reasonably expended multiplied by the reasonable hourly rate. McCown v. City of Fontana, 565 F.3d 1097, 1102 (9th Cir. 2009). "California courts have consistently held that a computation of time spent on a case and the reasonable value of that time is fundamental to a determination of an appropriate attorneys' fee award." Margolin v. Reg'l Planning Com., 134 Cal. App. 3d 999, 1004-1005 (1982).

The court also considers certain factors to the extent they are relevant to the case, including (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the

---

[1] This order addresses only Lansmont's request for attorney's fees because its corresponding request for costs was addressed separately by the clerk of court. See Docket Item No. 118. At this point, it is impossible for the court to sort out which fees were covered by the Bill of Costs and which were not.

United States District Court
For the Northern District of California

1  "undesirability" of the case, (11) the nature and length of the professional relations with the client,
2  and (12) awards in similar cases.  See LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum
3  Corp., 791 F.2d 1334, 1341-42 (9th Cir. 1986); see also Melnyk v. Robledo, 64 Cal. App. 3d 618,
4  623-24 (1976) ("The trial court makes its determination after consideration of a number of factors,
5  including the nature of the litigation, its difficulty, the amount involved, the skill required in its
6  handling, the skill employed, the attention given, the success or failure, and other circumstances in
7  the case.").  Ultimately, California law allows a judge, having been informed of the relevant
8  circumstances, to determine a reasonable fee from his or her own knowledge and experience.  See
9  Scott, Blake & Wynne v. Summit Ridge Estates, Inc., 251 Cal. App. 2d 347, 358 (1967).

### III. DISCUSSION

Before addressing the disputed topics, the court begins with what is not at issue.  It is undisputed that the AGBLA provides for attorney's fees to the prevailing party in an action to enforce the contract.[2]  It is also undisputed that Lansmont is the "prevailing party" for the purposes of a fee award under Civil Code § 1717, considering it successfully obtained summary judgment in its favor while SPX's motion was denied.  See Cal. Civ. Code 1717(b)(1) ("[T]he party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract.").

What *is* in dispute is whether the total amount of attorney's fees requested by Lansmont - $359,036.00 - is reasonable considering the limited nature of this action.  On that issue, the court has made certain observations based on its experience with this case.  To begin, much of the litigation that occurred prior to summary judgment was due to Lansmont's apparent attempt to expand the scope of the case beyond what is permitted by the AGBLA.  Indeed, despite the fact that AGBLA contains an explicit arbitration clause limiting court actions to those requesting specific

---

[2] Section 17.12 of the AGBLA states:

If any legal action is brought for the enforcement of this Agreement because of an alleged dispute, breach, default, or misrepresentation in connection with any of the provisions of this Agreement, the successful or prevailing party or parties shall be entitled to recover reasonable attorneys' fees and other costs in that action or proceeding, in addition to any other relief it or they may be entitled.

See Decl. of Robert G. Retana ("Retana Decl."), Docket Item No. 111, at Ex. A.

performance,[3] Lansmont's Complaint made several allusions to monetary damages.[4]  This may have been due to inartful or careless pleading, but it nonetheless required SPX to file a motion to dismiss and a motion to compel arbitration, both of which Lansmont opposed.  In the end, the court dismissed two of Lansmont's causes of action with prejudice.  These motions would not have been necessary but for Lansmont's conduct in contravention of the AGBLA, and Lansmont should not be compensated for fees it incurred in relation to these motions.  See Beaty v. BET Holdings, Inc., 222 F.3d 607, 610 (9th Cir. 2000) ("California law allows the trial court to reduce Beaty's attorneys' fees award based on the results she obtained, or not to reduce the fee award, as the trial judge finds is appropriate in the exercise of her discretion.").

Moreover, Lansmont's attempt to expand the case resulted in needless discovery disputes.  The parties litigated two matters related to discovery before the magistrate judge.  The first was a dispute over the scope of depositions, since Lansmont intended to ask SPX witnesses about topics at issue in a related arbitration between these same parties.  See Docket Item No. 79.  Lansmont justified its deposition topics by citing the broad nature of civil discovery.  The magistrate judge largely disagreed with Lansmont, however, finding the proposed topics "overbroad" even as voluntarily narrowed.  See Docket Item No. 83.  In the second dispute, Lansmont sought an order compelling SPX to produce documents in response to a discovery request.  See Docket Item No. 89.  SPX argued the deadline to present the dispute had passed.  The magistrate judge concurred with SPX.  See Docket Item No. 102.  SPX should not have to pay for litigation relating to these discovery disputes either.

In addition, the court has discovered through its review of time records produced by Lansmont's counsel that they contain entries for certain unexplained items.  This includes a number of entries related to a temporary restraining order that was never filed, at least in this action.  There are also entries related to the aforementioned arbitration which are not compensable here.

---

[3] See id. at § 17.9.

[4] For its breach of contract claim, Lansmont alleged it "suffered damages as a result." See Compl., Docket Item No. 1, at ¶ 78.  For breach of the covenant of good faith and fair dealing, Lansmont alleged that if "suffered damages as a result thereof." Id. at ¶ 85.  Similarly, for unjust enrichment, Lansmont sought "disgorgement and/or restitution of the ill-gotten gains." Id. at ¶ 89.

With that said, the court does not take issue, as SPX does, with the number of attorneys and paralegals who worked on the case since it does not appear significant double-billing occurred as a result. On that same issue, the court notes Lansmont had an associate complete most of the work on this case with a billing rate half of that of the partners. That was a reasonable choice.

Nor does the court find the billing rates excessive. They fall within the range of reasonable rates for this district. See, e.g., Loretz v. Regal Stone, Ltd., 756 F. Supp. 2d 1203, 1211 (N.D. Cal. 2010). They are also supported by each individual's reputation, ability and experience level. See Retana Decl., at Ex. B.

Taking all of this into account, the court finds the following chart represents the reasonable lodestar calculation as discounted by those matters the court found excludable for the reasons described above:

| TIMEKEEPER | HOURLY RATE | TOTAL HOURS | EXCLUDABLE HOURS | RESULTING COMPENSABLE HOURS | AMOUNT |
|---|---|---|---|---|---|
| Bruce L. Simon | $780 | 43.7 | 13.2 | 30.5 | $23,790.00 |
| Esther L. Kilsura | $525 | 3.5 | 3.5 | 0 | 0 |
| George S. Trevor | $650 | 2.2 | 2.0 | 0.2 | $130.00 |
| William J. Newsom | $365 | 708.1 | 195.6 | 512.5 | $187,062.50 |
| Alexander R. Safyan | $175 | 2.0 | 0 | 2.0 | $350.00 |
| Matt Lusich | $125 | 3.9 | 0 | 3.9 | $487.50 |
| Thomas K. Boardman | $375 | 2.5 | 1.5 | 1.0 | $375.00 |
| Brittany A. Kelley | $375 | 0.2 | 0.2 | 0 | 0 |
| Robert G. Retana | $650 | 110.8 | 4.1 | 106.7 | $69,355.00 |
| Aaron M. Sheanin | $660 | 31.8 | 28.4 | 3.4 | $2,244.00 |
| **TOTAL** | | | | | **$283,794.00** |

United States District Court
For the Northern District of California

The court further finds that this reduced lodestar represents the proper amount of attorney's fees to award in this action. Accordingly, Lansmont's motion will be granted for this amount.

### IV. ORDER

Based on the foregoing, Lansmont's Motion for Attorney's Fees and Costs (Docket Item No. 111) is GRANTED IN PART and DENIED IN PART.

The request for attorney's fees is GRANTED in the total amount of $283,794.00. The request for costs is DENIED to the extent Lansmont seeks costs in addition to those already addressed by the clerk.

**IT IS SO ORDERED.**

Dated: March 27, 2014

EDWARD J. DAVILA
United States District Judge